IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robert O'Brien, | ) Civil Action No.: 9:14-1154-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Carolyn W. Colvin, | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The plaintiff, Robert O'Brien ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

On April 8, 2015, the magistrate judge issued a Report and Recommendation in which he determined that the Commissioner's decision was based on substantial evidence. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 17.) The plaintiff filed Objections on April 27, 2015 (ECF No. 19), and on May 7, 2015, the Commissioner filed a Reply (ECF No. 20). For the reasons stated below, the Court cannot adopt the Report and Recommendation and, therefore, reverses and remands the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 43 years old on his alleged disability onset date due to neuropathy in his legs and high blood pressure, has an eleventh grade education, and past relevant work experience as a brick mason. (R. at 20, 32, 91, 102, 164) The plaintiff's application was denied initially and on reconsideration. (R. at 70-75.) At a hearing held before an Administrative Law Judge ("ALJ"), the plaintiff amended his disability onset date and testified that he also suffered from neck pain and had problems with his left elbow. (R. at 26-69.) The ALJ issued an unfavorable decision on September 7, 2012, finding that the plaintiff was not disabled. (R. at 9-25.) The Appeals Council denied the plaintiff's request for review (R. at 1-7), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on June 5, 2014. (ECF No. 1.)

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 17 at 20-21.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no

objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock*

*v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on April 27, 2015 (ECF No. 19), and the Commissioner filed a reply on May 7, 2015 (ECF No. 20). The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged failure (1) to properly consider the plaintiff's credibility; (2) to recognize the plaintiff's treating neurologist as a specialist and to apply the applicable deference and standards to his medical opinion; and (3) to give the specialist's opinion more weight than a state agency examiner. The plaintiff also contends that new evidence should be considered. The Court will address each specific objection in turn.[1]

The report and recommendation is extraordinarily thorough and well reasoned and consistent with the applied analysis the undersigned would expect. Notwithstanding, the Court believes that the matter should be remanded.

The plaintiff asserts that the ALJ committed reversible error by failing to give great or even controlling weight to the opinion of Dr. David Rogers that the plaintiff is totally

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

disabled. More importantly, the plaintiff accuses the ALJ of not recognizing that Dr. Rogers was a neurologist and, therefore, a specialist, whose opinions are entitled to more weight. The Commissioner's regulations state, "We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. §404.1527(c)(5). An ALJ must evaluate and weigh medical opinions "pursuant to the following non-exclusive list: . . . (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir.2005) (citing 20 C.F.R. § 404.1527). There does not seem to be any dispute that Dr. Rogers was indeed a neurological specialist. (See Def. Brief at 6-7.)

The Magistrate Judge reasonably acknowledged the ALJ's mischaracterization but concluded that the "error does not change the medical records and evidence that were considered by the ALJ in reaching his decision, and is therefore not by itself a ground for reversal of the decision." (R&R at 12 n.9.) This is a sensible view. But, the undersigned has concerns on the specific circumstances of this administrative decision. Namely, the ALJ's mistake in this respect is affirmative. In some instances, the ALJ will simply fail to be express about the specialization of a physician but from the totality of the decision, it is clear that the expert quality of the doctor was effectively recognized.

Here, however, the ALJ said, "His only treating source, Dr. Rogers, who appears to be a PCP [primary care physician] and not a neurologist as the claimant stated, has provided very little in the way of objective findings." (R. at 18.) In other words, (a) there is no confusion over whether the ALJ considered Dr. Rogers as a specialist – he did not and (b) that the ALJ addressed Dr. Rogers' status expressly in the context of repudiating it. Said differently, the ALJ's observation is, in itself, part of the discreditation. It is not simply that Dr. Rogers was denied the additional deference due as a specialist but that, in

context, he was essentially discounted for mistakenly being considered only primary care.

And, then the mischaracterization, itself, is material. Almost precisely because the ALJ doubts the quality of the objective findings Dr. Rogers relied upon (R. at 18), Dr. Rogers' status as a specialist might have mattered. Any additional experience and expertise in the field should tend to reinforce an opinion, otherwise less justifiable if held by a general practitioner on the same quantum of evidence.

But, there is, in fact, objective findings in Dr. Rogers' records. March 3, 2010 clinic notes show numbness "DT R's 1+ that is, deep tendon reflexes were abnormal at 1+, suggesting hyporeflexia, that "usually indicates a disease" in the nerve fibers; the reflex is involuntary and therefore objective. (R. at 245.) On March 18, 2010 clinic notes show numbness in the legs and trouble with balance. (R. at 244.) On May 25, 2010, Dr. Rogers noted paresthesia, balance and neuropathy problems for which he prescribed gabapentin; there are 10 notations in the O for objective section of the report, only a few of which are legible, (R. at 243.) He noted neuropathy on June 29, 2010. (R. at 242.) On August 31, 2010, Dr. Rogers noted neuropathy, balance problems to the point that the plaintiff needed a cane with objectives of 10 lb. filament [sensation] loss to ankles bilaterally and several other illegible objective findings. (R. at 240.) The doctor noted continuing problems with neuropathy and balance, likely caused by hereditary motor sensory neuropathy on September 28, 2010. (R. at 237.) He noted continuing neuropathy, on January 25, 2011. (R. at 254.) Dr. Rogers noted worsening balance problems, on April 19, 2011 (R. at 293) and worsening balance problems, on July 26, 2011 (R. at 291). Continuing weakness and balance problems were noted on September 27, 2011. (R. at 290.) The Court recites such evidence not because it indisputedly leads to the conclusions the plaintiff implies but simply

to emphasize that not only was the mischaracterization material on its own but even more so in light of more objective evidence than maybe the ALJ and magistrate judge admitted. For caution remand is warranted.

Where the Court can reasonably deem a misstatement harmless, it does so. There is not reason to waste time and energy on issues that can be resolved here. But, Dr. Rogers' opinion is material enough and the ALJ's oversight potentially significant enough that remand is justified to ensure that the treating specialist opinion has been properly considered under applicable standards. As always, there is a lot at stake.

This conclusion effects other objections of the plaintiff. The entire matter should be reconsidered on remand, including any new evidence of Dr. Rogers' opinions or records.

## **CONCLUSION**

Respectfully, the Court cannot concur in the ultimate recommendation of the Magistrate Judge but incorporates the law and facts herein by reference to the extent not inconsistent with this order. The decision of the Commissioner to deny benefits is, therefore, REVERSED and REMANDED for additional consideration consistent with this Order.

IT IS SO ORDERED.

                                        /s/Bruce Howe Hendricks
                                        United States District Judge

September 28, 2015
Greenville, South Carolina